### Springfield Consolidated Railway Company v. Mathilda Milam.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on the ground that it is against the weight of the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

WILSON, WARREN & CHILD, for appellant.

PFEIFER & SEELEY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Sangamon county against appellant to recover damages resulting from an injury alleged to have been sustained by her, through the negligence of appellant's servants. There was a verdict in favor of appellee in the sum of $1,000 upon which the trial court rendered judgment from which an appeal is prosecuted

to this court. Reversal is sought upon the grounds that the verdict was against the manifest weight of the evidence.

It appears from the evidence that appellee entered one of appellant's street cars in the city of Springfield, on Fifth street, to go south on that street to Vine street where she expected to leave the car.

The claim made by appellee is that she rang for the car to stop at the Vine street crossing; that the car did stop at such crossing and while she was in the act of alighting the conductor gave the signal to the motorman for the car to go ahead; that the car was started suddenly and she was thrown to the pavement and injured.

Appellant contends that no signal was given to stop the car at Vine street; that the car did not stop at Vine street crossing; that no request was made by appellee to have the car stopped until after Vine street had been crossed and that appellee of her own accord left the car while it was in motion, and suffered the injury complained of through her own negligence.

We have read the abstract and supplement with care and while we are constraind to say that the original abstract is manifestly and palpably unfair and quite noticeable for its omissions of matters material to a full understanding of appellee's cause, yet in our judgment the weight of the whole evidence is clearly against appellee, and the verdict should have been set aside.

Whether or not the car did stop at the Vine street crossing is a crucial question, for if it did, it was then possible for appellee to have been thrown from the car by its being suddenly started, while if it be true that it was not stopped at Vine street, appellee could not have been injured in the manner she claims.

Upon this question there was the testimony of eight witnesses in all. Upon behalf of appellee, she testified the car stopped at Vine street and she was thrown to the street by its being suddenly started while she was

on the foot-board at the side of the car. Charles S. Lefraidge, who at the time was on a bicycle several rods south of the car, testified that he heard the signal given for the car to go ahead and saw appellee fall and that the place where she fell was from eighty to 100 feet south of the Vine street crossing. Thomas Reed, who was on another car, that met the car on which appellee was riding, testified that just as his car passed the next street north of Vine street, he heard the bell ring; heard a woman scream and turned around and saw appellee fall; that he did not go back but proceeded on his way.

This was in substance all the evidence that tended to support appellee in her claim that the car came to a stop at Vine street and that she was alighting while the car was at a stand still.

Upon the part of appellant, Smith, the motorman, and Bixler, the conductor, testified that the car did not stop at Vine street, and that no signal was given at all for it to stop and that appellee got off the car after it had passed Vine street and while the car was going at full speed. In this they are strongly corroborated by August Wolf, John Keefner and Katherine Hetherman.

Wolf testified that he was on the car with appellee; that the car did not stop or slow down at Vine street and that he did not notice any jerk, or jar, in the operation of the car. Keefner testified that he was on the car with appellee and sat in the seat immediately behind her; that the car had crossed Vine street about one-third of the way to the next street south, when appellee stepped to the running board, called to the conductor to left her off and jumped to the pavement with her back toward the front end of the car. Kate Hetherman testified that she was at the next street south of Vine street, waiting for the car and watching its movements; that the car did not stop at Vine street, but did stop about eighty feet south of the Vine street crossing.

The evidence is undisputed that appellee fell or was thrown from the car at a point from eighty to 100 feet south of the Vine street crossing. It seems improbable that if the car came to a stop at Vine street, as contended by appellee, that she would have been thrown such a distance south of the crossing by the sudden starting of the car at the crossing.

The verdict, in our opinion, was so manifestly against the weight of the evidence that a reversal is rendered necessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*